IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.  NO. 1:20-CR-59-11

NICO TERRELL SMITH
a/k/a Bernard Smith

### ORDER

On October 8, 2020, "Bernard Smith" and fourteen other individuals were named in a multicount indictment alleging a conspiracy to distribute controlled substances and other related crimes. Doc. #1. "Bernard Smith" is named only in Count Two, which charges him and nine others with conspiracy to distribute methamphetamine and cocaine. *Id.* at 4. A superseding indictment filed on May 7, 2021, names "Nico Terrell Smith" in Count Two, which charges him and nine others with conspiracy to distribute methamphetamine and cocaine. Doc. #192. Except for replacing all references to "Bernard Smith" with "Nico Terrell Smith," Count Two of the superseding indictment is identical to Count Two of the original indictment. *Compare* Doc. #1 at 4 *with* Doc. #192 at 4. The only reference to "Bernard Smith" in the superseding indictment is in the caption, which includes in its listing of defendants "Nico Terrell Smith a/k/a Bernard Smith." Doc. #192 at 1.

On October 14, 2021, Nico Smith filed a motion "to dismiss the indictment against Nico Smith" on the argument that "[t]he indictment alleges Bernard Smith committed criminal acts" but "fails to state an offense against Nico Smith." Doc. #379 at 1–2. Attached to the motion are a copy of a birth certificate, a social security card, and a Mississippi identification card, all of which

contain the name and/or signature of "Nico Terrell Smith."[1] Doc. #379-1. The government responds that "Bernard Smith was an alias used by Nico Terrell Smith;" the use of an alias in an indictment is not error; and "since a superseding indictment has been issued to include the defendant's proper name and his alias … the defendant's motion is moot." Doc. #380 at PageID 1138. Nico did not reply.

"The Federal Rules of Criminal Procedure require that the indictment be 'a plain, concise, and definite written statement of the essential facts constituting the offense charged.'" *United States v. Suarez*, 966 F.3d 376, 382 (5th Cir. 2020) (quoting Fed. R. Crim. P. 7(c)(1)). "To be sufficient, an indictment must 1) enumerate each *prima facie* element of the charged offense, 2) notify the defendant of the charges filed against him, and 3) provide the defendant with a double jeopardy defense against future prosecutions." *Id.* (cleaned up).

The superseding indictment clarifies that the charges in Count Two of the original indictment are brought against Nico Terrell Smith and that "Bernard Smith" is simply an alias. Doc. #192. As the government notes,[2] the Fifth Circuit has held that "[u]se of an alias in an indictment is not error" and does not render an indictment insufficient. *See United States v. Miranda*, 494 F. 2d 783, 788 (5th Cir. 1974) (indictment charging "John Doe, aka Wimpy" was sufficient because it "apprised Miranda with reasonable certainty of the charge against him"). Accordingly, the motion to dismiss [379] is **DENIED**.

**SO ORDERED**, this 16th day of November, 2021.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[1] The name on the birth certificate is legible. Though it is difficult to read the entire name on the social security card and drivers license, the Court presumes Nico Terrell Smith's name is on them in whole or part to the extent they are offered by him in support of the motion.

[2] Doc. #380 at PageID 1138.