IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.                                                                                                          NO. 1:20-CR-59-11

NICO TERRELL SMITH
a/k/a Bernard Smith

**ORDER**

This multidefendant criminal case is before the Court on Nico Terrell Smith's motion to sever his trial from that of his codefendants. Because Smith has failed to carry his burden of showing severance is warranted, the motion will be denied.

**I**
**Relevant Procedural History**

On October 8, 2020, "Bernard Smith" and fourteen other individuals were named in a multicount indictment alleging conspiracies to distribute controlled substances and other related crimes. Doc. #1. "Bernard Smith" was named only in Count Two, which charged him and eight others with conspiracy to distribute methamphetamine and cocaine.[1] *Id.* at 4.

A superseding indictment filed on May 7, 2021, named "Nico Terrell Smith a/k/a Bernard Smith" in Count Two, which charges him and eight others with conspiracy to distribute methamphetamine and cocaine.[2] Doc. #192. Except for replacing all references to "Bernard Smith" with "Nico Terrell Smith," Count Two of the superseding indictment is identical to Count Two of the original indictment. *Compare* Doc. #1 at 4–7 *with* Doc. #192 at 4–7. The only

---

[1] Count One charged six individuals, excluding Smith, with conspiracy to distribute marijuana. Doc. #1 at 1–3. Count Three charged Marcquell Patterson with interstate travel in aid of a racketeering enterprise and Count Four charged Terrance Chandler with money laundering. *Id.* at 7–8.

[2] The superseding indictment charges an additional individual in Count One and added Count Five charging Chandler with possession with intent to distribute. Doc. #192 at 1, 9.

reference to "Bernard Smith" in the superseding indictment is in the caption, which includes "Nico Terrell Smith a/k/a Bernard Smith" in its listing of defendants.³ Doc. #192 at 1.

On December 6, 2021, Smith filed a motion to sever "his case for trial from that of his Co-Defendants." Doc. #406. The government responded on December 17, 2021, Doc. #450, and Smith did not reply.

**II**
**Analysis**

Generally, a motion to sever requires a court to undertake two distinct inquires: (1) whether initial joinder was proper under Rule 8(b) of the Federal Rules of Criminal Procedure and (2) if initial joinder was proper, whether severance should be granted under Rule 14(a). *See United States v. McRae*, 702 F.3d 806, 820–22 (5th Cir. 2012). Smith does not argue that initial joinder was improper under Rule 8. So the Court must determine whether severance should be granted under Rule 14(a).

Rule 14(a) provides that "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Notwithstanding this rule, "[t]o promote judicial economy and the interests of justice, the federal system prefers joint trials of defendants who are properly charged in joint indictments, particularly in conspiracy cases." *United States v. Daniel*, 933 F.3d 370, 380 (5th Cir. 2019) (citations omitted). Indeed, in conspiracy cases, "while the district court must guard

---

³ On October 14, 2021, Smith filed a motion "to dismiss the indictment against Nico Smith" based on the argument that "[t]he indictment alleges Bernard Smith committed criminal acts" but "fails to state an offense against Nico Smith." Doc. #379 at 1–2. Because "[t]he superseding indictment clarifie[d] that the charges in Count Two of the original indictment are brought against Nico Terrell Smith and that 'Bernard Smith' is simply an alias" and the "use of an alias in an indictment is not error," the Court denied the motion to dismiss on November 16, 2021. Doc. #397 at 2.

2

against undue prejudice, it need not protect conspirators from evidence of their confederates' acts in furtherance of their common illegal aim." *United States v. Posada-Rios*, 158 F.3d 832, 863 (5th Cir. 1998) (alterations omitted).

In his motion to sever, Smith argues that (1) the "defendants have mutually antagonistic and irreconcilable defenses;" (2) "a simultaneous trial of all Defendants will present a thicket of potentially insurmountable evidentiary obstacles as well as Constitutional problems under the Confrontation Clause" and "there will be extensive 'spillover' prejudice to Smith given that most of the crimes charged in the Indictments are against his Co-Defendants;" and (3) his codefendants "will attempt to instill confusion and taint the jury, with the hope of achieving jury nullification rather than have the jury focus on and carefully consider the evidence presented during trial," such that he will face an "unacceptable risk" of being deprived of his "right to a trial by a fair and impartial jury." Doc. #407 at PageID 1355.

### A. Antagonistic Defenses

With respect to mutually antagonistic defenses, Smith represents that his core defense will be that he did not engage in criminal conduct but rather his codefendants engaged in unlawful activities and used him as a "pawn" without his knowledge. *Id.* at PageID 1360. He argues that "[t]here can be no serious dispute that [his] Co-Defendants intend to claim or assert that [he] engaged in unlawful conduct, and that [he] is the real wrongdoer" and that "it is expected that [his] Co-Defendants will claim that he was the organizing co-conspirator and that he was a source of drug product." *Id.* Based on these arguments, Smith submits severance is warranted because "the heart of [his] and his Co-Defendants' defenses conflict with one another." *Id.* at PageID 1361.

The government responds that Smith "only states what he anticipates will be the defense of his co-defendants" but such defenses have not yet been raised and that because Smith "is only

able to assume what may arise at trial," he fails to meet his burden as "there is no way to truly determine if there are antagonistic defenses to the point of being mutually exclusive." Doc. #450 at PageID 1540.

The United States Supreme Court has "refused to adopt a bright-line rule that antagonistic defenses would automatically entitle a defendant to severance." *United States v. Warren*, 728 F. App'x 249, 255 (5th Cir. 2018) (internal quotation marks omitted) (quoting *Zafiro v. United States*, 506 U.S. 534 (1993)).

> Since *Zafiro*, [the Fifth Circuit] has consistently affirmed district courts' decisions to remedy any potential prejudice with instructions to consider the evidence as to each defendant separately and individually, and not to consider comments made by counsel as substantive evidence as sufficient to cure any prejudice caused when co-defendants accuse each other of the crime.

*Id.* at 256 (internal quotation marks omitted). Because all of Smith's codefendants have yet to raise their defenses[4] and because Smith wholly fails to address why jury instructions are insufficient to remedy any potential prejudice, severance on this ground is not warranted. *See id.* (affirming denial of severance where, after codefendants argued at trial that defendant scammed them, defendant failed to address why district court's jury instructions were insufficient to cure any prejudice).

### B. Evidentiary Obstacles and "Spillover"

Smith argues the evidentiary issues presented by a joint trial with his codefendants would prevent him from presenting a full defense because his codefendants may object to evidence he wishes to introduce and he would be prejudiced by the admission of evidence against his codefendants which would not be admissible in a case against him alone. Doc. #407 at PageID

---

[4] To date, five of Smith's codefendants have pled guilty to one count of the indictment. *See* Docs. #286, #315, #366, #484, #549.

4

1362–63. Additionally, Smith argues that because he is named in only one count of the five-count indictment, "much of the information introduced in the joint trial will be so far afield from the facts of [his] case that it would be inadmissible in a single trial of [him]." *Id.* at PageID 1364. The government responds that Smith "failed to set forth any argument as to why prejudice which may arise from a joint trial could not be cured by proper instructions to the jury to consider each offense separately and each defendant individually." Doc. #450 at PageID 1540.

> When considering severance based on evidentiary concerns, the mere presence of a spillover effect does not ordinarily warrant severance. Rather, the risk of prejudice will vary with the facts in each case. In seeking to show prejudice based on the potential presentation or exclusion of evidence, conclusory allegations of prejudice are insufficient to justify severance. As a general rule, even where prejudice has been shown, severance is not the proper means of confining spillover evidence. The pernicious effect of accumulation is best avoided by precise instructions to the jury on the admissibility and proper uses of the evidence introduced by the government.

*United States v. Shivers*, No. 4:15-cr-73-9, 2016 WL 7218023, at *4 (N.D. Miss. Nov. 30, 2016) (cleaned up) (citing various authorities).

The Court agrees that Smith's failure to address the availability of jury instructions to correct any potential prejudice is fatal to his argument.[5] *See United States v. Reed*, 908 F.3d 102, 114–115 (5th Cir. 2018) (no abuse of discretion when the district court denied severance but instructed the jury "to consider each defendant's case separately and to give separate consideration to the evidence as to each defendant"). Since a defendant "is not entitled to severance just because

---

[5] Smith's only mention of a limiting instruction is presented regarding his argument that "the government may move for the admission of statements by the Co-Defendants that would violate the protections provided via *Bruton v. United States*, 391 U.S. 123 (1968)," which "prohibits the introduction of the confession of a non-testifying co-defendant that implicates the defendant in a crime" and "the introduction of such confession may not be cured through a limiting instruction." Doc. #407 at PageID 1363. Because there is no proof at this stage that the government will seek to introduce such statements or that, if it does, the relevant codefendant would not testify, the Court declines to grant severance at this stage based on such an argument. *See United States v. McGrew*, 165 F. App'x 308, 318 (5th Cir. 2006) (no constitutional violation by admission of codefendant's extrajudicial statement where codefendant took the stand). And Smith wholly fails to address the availability of jury instructions to address other evidence.

it would increase his chance of acquittal or because evidence [may be] introduced that is admissible against certain defendants," Smith is not entitled to severance on this ground. *Id.* at 114.

### C. Jury Confusion

Finally, Smith argues he wants the trial "focused on the evidence and the truth, and not the extracurricular chaos that one or more of the Co-Defendants is expected to create prior to and at trial." Doc. #407 at PageID 1364–65. Since "[s]everance is an exception, justified only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence," "[g]eneric allegations of prejudice will not suffice." *Daniel*, 933 F.3d at 380 (cleaned up). Smith's vague belief that his codefendants "will attempt to disrupt the criminal trial, instill confusion, taint the jury, and … seek jury nullification"[6] is insufficient to justify severance.

### III
### Conclusion

Smith's motion to sever [406] is **DENIED**.

**SO ORDERED**, this 4th day of May, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[6] Doc. #407 at PageID 1364.

6