IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.  NO. 1:20-CR-59-11

NICO TERRELL SMITH
a/k/a Bernard Smith

## ORDER

On May 7, 2021, Nico Terrell Smith a/k/a Bernard Smith and fourteen other individuals were named in a five-count superseding indictment[1] charging conspiracies to distribute marijuana, methamphetamine, and/or cocaine, along with related crimes. Doc. #192. Smith is named only in Count Two, which charges him and eight others with conspiracy to distribute methamphetamine and cocaine. *Id.* at 4.

Subsequently, Smith filed a motion to preclude admission of "any out-of-court statement by any Defendant that inculpates any other Defendant in this case (including any that inculpates [him])" "at the joint trial in this case." Doc. #409. Smith argues "[a]ny admission of such a statement would violate the Confrontation Clause of the Sixth Amendment to the United States Constitution" under *Bruton v. United States*, 391 U.S. 123 (1968). *Id.* at PageID 1375. The government responds that it understands Smith's Sixth Amendment right to confront the witnesses against him and it "will abide by the same." Doc. #438.

In *Bruton*, the United States Supreme Court reversed a defendant's conviction because "there was a substantial risk that the jury, despite instructions to the contrary, looked to the incriminating extrajudicial statements[—specifically, a codefendant's confession that he

---

[1] "Bernard Smith" was named in one count of the original indictment, Doc. #1, but the "superseding indictment clarifie[d] that the charges … are brought against Nico Terrell Smith and that 'Bernard Smith' is simply an alias." Doc. #397 at 2.

committed the crime with the defendant—]in determining [the defendant's] guilt." *United States v. Gibson*, 875 F.3d 179, 194 (5th Cir. 2017) (cleaned up) (citing *Bruton*, 391 U.S. at 126). The Supreme Court since has clarified that *Bruton* "did not preclude a trial court from admitting a confession that (1) had been redacted, (2) was not incriminating on its face, and (3) became incriminating only when linked with evidence introduced later at trial." *Id.* (citing *Richardson v. Marsh*, 481 U.S. 200, 207–08 (1987)). Thus, there are circumstances where a codefendant's statement of the type raised by Smith may be admissible. *See id.* at 195 (codefendant's confession admissible where "[t]he jury would still need to make several inferential leaps" to conclude defendant was responsible for the conduct alleged). And it goes without saying that should any codefendant in question choose to testify at trial and Smith (or another codefendant) has an opportunity to cross-examine him or her, there is no Confrontation Clause issue. *See United States v. Smith*, 822 F.3d 755, 761 (5th Cir. 2016) (admission of co-conspirator's confession did not violate Confrontation Clause where co-conspirator testified at trial).

Because the Confrontation Clause does not require the exclusion of all out-of-court statements by a codefendant and because at this stage it is unclear what statements the government will seek to introduce or whether any of Smith's codefendants will or will not testify at trial, the Court declines to issue a broad order precluding codefendants' inculpatory statements. Accordingly, Smith's motion to preclude [409] is **DENIED**.

**SO ORDERED**, this 4th day of May, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

2