**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI**

**UNITED STATES OF AMERICA**

**V.**                                                                                  **NO. 1:20-CR-59-11**

**NICO TERRELL SMITH
a/k/a Bernard Smith**

**ORDER**

On May 7, 2021, Nico Terrell Smith a/k/a Bernard Smith and fourteen other individuals were named in a five-count superseding indictment[1] charging conspiracies to distribute marijuana, methamphetamine, and/or cocaine, along with related crimes. Doc. #192. Smith is named only in Count Two, which charges him and eight others with conspiracy to distribute methamphetamine and cocaine "from on or about January of 2019 to on or about August of 2020." *Id.* at 4.

On December 6, 2021, Smith filed a motion to suppress "any oral or written statements, or other evidence, taken or attributed to him on July 2, 2020," and requests "an Order *In Limine* prohibiting the Government from eliciting testimony or otherwise placing, or attempting to place, into evidence any statements, recordings, or other evidence obtained from [him] during their investigation and interception of his electronic communications." Doc. #410.

"The proponent of a motion to suppress evidence bears the burden of proving, by a preponderance of the evidence, that the challenged evidence was obtained in violation of his or her constitutional rights." *United States v. Alvarez*, 542 F. Supp. 2d 597, 600 (W.D. Tex. 2008) (citing *United States v. Waldrop*, 404 F.3d 365, 368 (5th Cir. 2005)). "Hearings on a motion to suppress are only required where the movant alleges sufficient facts which, if proven, would justify

---

[1] "Bernard Smith" was named in one count of the original indictment, Doc. #1, but the "superseding indictment clarifie[d] that the charges … are brought against Nico Terrell Smith and that 'Bernard Smith' is simply an alias." Doc. #397 at 2.

relief. The burden therefore is on [the defendant] to set forth a definite, specific, detailed, and nonconjectural basis for the hearing in his initial motion."[2]  *United States v. Smith*, 977 F.3d 431, 434 (5th Cir. 2020) (cleaned up).

Here, with respect to evidence obtained on July 2, 2020, Smith argues that law enforcement officers "pulled over a vehicle occupied by" him and other unidentified individuals; "[d]uring this stop, [he] was detained and questioned without the benefit of legal counsel and without being informed of his *Miranda* rights;" and "law enforcement officers seized monies purportedly belonging" to him.  Doc. #410 at PageID 1377.  In response, the government argues that "ordinary traffic stops do not place a person in custody for purposes of *Miranda*[; w]hether a suspect is in custody is an objective inquiry that depends on the totality of circumstances;" and based on the relevant factors, Smith was not in custody.  Doc. #451 at PageID 1544.

"The Supreme Court held in *Miranda v. Arizona* that the Fifth and Fourteenth Amendments' prohibition against compelled self-incrimination requires that custodial interrogation be preceded by advice to the putative defendant that he has the right to remain silent and also the right to the presence of an attorney."  *United States v. Arellano-Banuelos*, 912 F.3d 862, 865 (5th Cir. 2019) (cleaned up).

> *Miranda*'s procedural safeguards attach only where there has been such a restriction on a person's freedom as to render him in custody. To ascertain whether an individual was in custody, [a court must] examine all of the circumstances surrounding the interrogation, but ultimately ask whether there was a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest.

*United States v. Bass*, 996 F.3d 729, 740 (5th Cir. 2021) (cleaned up).  "[A] person detained in a routine traffic stop is not in custody for *Miranda* purposes."  *United States v. Reyes*, 963 F.3d 482, 490 (5th Cir. 2020) (internal quotation marks omitted).

---

[2] Neither Smith nor the government has requested a hearing on Smith's motion to suppress.

Although Smith vaguely alleges that "he was in custody and not free to leave,"[3] he does not present any facts related to the stop that would allow the Court to determine whether it amounted to a "restraint on freedom of movement of the degree associated with a formal arrest." *Bass*, 996 F.3d at 740. Without such facts, Smith has failed to satisfy his burden to prove suppression is warranted. *See United States v. Woodson*, __ F.4th __, No. 20-10443, 2022 WL 1101806, at *8 (5th Cir. 2022) (affirming denial of motion to suppress based on failure to give *Miranda* warnings where defendant failed to show he was in custody).

With respect to electronic communications, Smith argues the government violated his "Fourth Amendment protection against unreasonable searches and seizures" when it intercepted his mobile telephone calls without probable cause. Doc. #410 at PageID 1379. The government responds that "[a] court authorized wire interception is an investigative tool" that can be used "to identify sources." Doc. #451 at PageID 1545. The government argues that "[i]t is not a constitutional requirement that all those likely to be overheard engaging in incriminating conversations be named" in a wiretap application but rather the government need only identify "the principal targets of the intercept." *Id.*

"The Omnibus Crime Control and Safe Street Act of 1968 provides that under certain circumstances[,] a federal judge may issue wiretap orders authorizing the interception of communications in an effort to prevent, detect, or prosecute serious federal crimes." *United States v. Brock*, No. 19-0003 (04), 2019 WL 4213414, at *1 (W.D. La. Sept. 5, 2019) (citing 18 U.S.C. § 2510 et seq.). "Any aggrieved person" may move to suppress evidence obtained through a wiretap if it was "unlawfully intercepted; the order of authorization or approval under which it was

---

[3] Doc. #410 at PageID 1378.

intercepted is insufficient on its face; or the interception was not made in conformity with the order of authorization or approval." 18 U.S.C. § 2518(10)(a) (internal numbering omitted).

Smith generally alleges his Fourth Amendment rights were violated by the government's interception of his mobile telephone calls without probable cause but again fails to allege "[s]ufficient facts … that are specific, detailed, and nonconjectural" to support his position. *Brock*, 2019 WL 4213414, at *2 (citing *United States v. Harrelson*, 705 F.2d 733, 737 (5th Cir. 1983)). Accordingly, Smith has not shown suppression of the electronic communications is warranted.

Because Smith has failed to allege sufficient facts to show the evidence he seeks to exclude at trial was obtained in violation of his rights, his motion to suppress [410] is **DENIED**.

**SO ORDERED**, this 4th day of May, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**